UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| Brett Bolmer, | Civil No. 3:06cv235 (JBA) |
| *Plaintiff*, | |
| v. | |
| Joseph Oliveira, M.D., et al., | March 21, 2011 |
| *Defendants*. | |

RULING ON MOTIONS FOR ENTRY OF JUDGMENT

On August 5, 2008, the Court issued an Order [Doc. # 181] denying the Motion [Doc. # 138] for Summary Judgment by Defendants Dr. Joseph Oliveira, Milena Sangut, and the Department of Mental Health and Addiction Services (collectively "State Defendants") and granting in part and denying in part the Motion [Doc. # 139] for Summary Judgment by Defendants Dr. Diane DeKeyser, Dr. Donna Pellerin, Dr. Victor Estaba, and Danbury Hospital (collectively "Danbury Defendants"), dismissing all but two counts against those Defendants. On the parties' consent on September 12, 2008, the Court granted [Doc. # 201] the Danbury Defendants' Motion [Doc. # 189] for Reconsideration, dismissed Plaintiff's remaining state law claims against the Danbury Defendants, and ordered judgment in favor of the Danbury Defendants. The State Defendants appealed to the United States Court of Appeals for the Second Circuit from the Court's denial of their Motion for Summary Judgment and the Second Circuit affirmed [Doc. # 211] the Court's decision.

On May 21, 2010, pursuant to the parties' stipulated settlement agreement, the Court entered a Text Order [Doc. # 228] granting Plaintiff's Motion for Order of Dismissal. The Court retained jurisdiction over the issue of attorneys fees. On August 23, 2010 Plaintiff moved [Doc. # 233] for entry of final judgment against under Federal Rule of Civil

Procedure 54(b) against Danbury Defendants, arguing that the case is ripe for final judgment but that the Court had not entered a separate final judgment. On January 14, 2011, Plaintiff moved [Doc. # 246] for entry of final judgment under Rule 58, arguing that this Motion superseded the prior Motion for Entry of Judgment, and that because no claims remain pending before the Court, a separate final judgment is warranted.

Federal Rule of Civil Procedure 58(a) provides that "[e]very judgment and amended judgment must be set out in a separate document."[1] "Such a document must be 'separate from any judicial memorandum or opinion' and 'must be labeled a 'judgment.'"" *Cooper v. Town of East Hampton*, 83 F.3d 31, 34 (2d Cir. 1996) (quoting *Axel Johnson, Inc. v. Arthur Anderson & Co.*, 6 F.3d 78, 84 (2d Cir. 1993). "[A] one–sentence order denying a motion satisfies the separate–document requirement" if that order is not a part an opinion or memorandum. *RR Village Ass'n, Inc. v. Denver Sewer Corp.*, 826 F.2d 1197, 1201 (2d Cir. 1987). However, where a memorandum decision sets forth the judgment in a case, "an entry in the docket sheet indicating that the case had been dismissed" does not satisfy the separate–document requirement where "the clerk did not file a separate document denominated as a judgment." *Axel Johnson*, 6 F.3d at 84.

The Danbury Defendants argue that the Court's May 21, 2010 Text Order satisfies the separate–document requirement. The May 21 Order reads: "ORDER: Plaintiff's 227 Motion for Order of Dismissal is GRANTED, and this action is dismissed, with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2)." Although a one–sentence order can

---

[1] "[A] separate document is not required for an order disposing of a motion: (1) for judgment under Rule 50(b); (2) to amend or make additional findings under Rule 52(b); (3) for attorney's fees under Rule 54; (4) for a new trial, or to alter or amend the judgment, under Rule 59; or (5) for relief under Rule 60." Fed. R. Civ. P. 58(a).

satisfy Rule 58(a) if it is not part of an opinion, *see RR Village*, 826 F.2d at 1201, the May 21 one–sentence order here *is* the Court's opinion. Because the Text Order is the Court's opinion, it therefore is, by definition, not separate from that opinion. Without a separate document denominated as a judgment, this docket entry therefore does not satisfy the separate–document requirement. *See Axel Johnson*, 6 F.3d at 84.

Plaintiff's Motions [Doc. ## 233, 246] for Entry of Judgment are accordingly GRANTED. The Clerk is directed to enter judgment for Defendants and close this case.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 21st day of March, 2011.