UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| Brett Bolmer, | |
| *Plaintiff*, | Civil No. 3:06cv235 (JBA) |
| *v.* | |
| Joseph Oliveira, M.D., et al., | May 10, 2011 |
| *Defendants.* | |

RULING ON DEFENDANTS' MOTION FOR RECONSIDERATION

On March 21, 2011, the Court issued a Ruling [Doc. # 254] granting Plaintiff's Motions for Entry of Judgment on the ground that the Court's May 21, 2010 Text Order [Doc. # 228] dismissing the case did not satisfy the separate–document requirement of Federal Rule of Civil Procedure 58(a). Pursuant to that Ruling, on March 22, 2011, the Clerk entered a separate judgment [Doc. # 255] in favor of the Defendants and closed this case. Defendants Dr. Diane DeKeyser, Dr. Donna Pellerin, Dr. Victor Estaba, and Danbury Hospital (collectively "Danbury Defendants") now move [Doc. # 256] for reconsideration of the March 21 Ruling, arguing that even if the May 21 Text Order does not satisfy the separate–document requirement, under 150–day rule contained in Rule 58(c)(2), judgment was deemed entered 150 days after the May 21 Text Order, thereby extinguishing Plaintiff's appeal to the Second Circuit as untimely. For the reasons discussed below, Defendants' Motion for Reconsideration will be denied.

I.      Legal Standard

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably

be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds for justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4478 (1st ed. 1981)).

II.   Discussion

The Danbury Defendants argue that the Court overlooked the application of the 150–day rule under Rule 58(c)(2) in granting Plaintiff's motions for entry of judgment. According to the Danbury Defendants, "by operation of Rule 58(c)(2)(B), 'final judgment' in this case 'entered' as a matter of law 150 days [after the Court's May 21, 2010 Text Order] on October 18, 2010," giving Plaintiff until November 17, 2010 to file a notice of appeal, and "[h]is failure to do so by November 17, 2010 deprives the Second Circuit Court of Appeals of jurisdiction to hear his appeal." (Mem. Supp. [Doc. # 256–1] at 5.)

Under Federal Rule of Civil Procedure 58(c)(2), if a judgment must be set out in a separate document pursuant to Rule 58(a), "judgment is entered at the . . . time[] . . . when the judgment is entered in the civil docket under Rule 79(a) and the earlier of these events occurs: (A) it is set out in a separate document; or (B) 150 days have run from the entry in the civil docket." The time when judgment entered impacts the date by which a party seeking appellate review must file a notice of appeal: "In a civil case . . . the notice of appeal . . . must be filed by the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). "If a party files a notice of appeal beyond the time provided in Federal Rule of Appellate Procedure 4(a), the court of appeals lacks subject

matter jurisdiction to hear the appeal." *Cohen v. Empire Blue Cross & Blue Shield*, 142 F.3d 116, 118 (2d Cir. 1998).

> The 150–day rule was created with this appellate deadline in mind:
>
> When Fed. R. Civ. P. 58(a)(1) requires the judgment or order to be set forth on a separate document, that judgment or order is not treated as entered until it is set forth on a separate document (in addition to being entered in the civil docket) or until the expiration of 150 days after its entry in the civil docket, whichever occurs first. This cap will ensure that parties will not be given forever to appeal (or to bring a postjudgment motion) when a court fails to set forth a judgment or order on a separate document in violation of Fed. R. Civ. P. 58(a)(1).

Fed. R. App. P. 4 advisory committee notes, 2002 amends. subdivision (a)(7)(2). While this rule restricts a party's ability to appeal to a judgment more than 150 days after the entry of that judgment in the civil docket, regardless of whether the Court entered a separate judgment, it does not preempt Rule 58(a)'s requirement that "[e]very judgment . . . must be set out in a separate document." The wording of Rule 58(c)(2), rather than restricting a district court's authority to enter judgment in compliance with Rule 58(a), actually contemplates a scenario in which judgment is set out in a separate document more than 150 days after the entry of judgment in the civil docket—judgment is entered when "the earlier" of either a separate document or the passage of 150 days occurs. In addition, Rule 58(c) does not say that a separate document is no longer required after the passage of 150–days, only that the time of judgment is 150 days after the judgment's entry in the civil docket if no separate judgment has been docketed at that point.

The Ninth Circuit's opinion in *Stephanie–Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476, F.3d 701 (9th Cir. 2007), relied on by Defendants supports this interpretation of the 150–day rule as bearing only on the issue of timeliness of appeal and not on Rule 58(a)'s

3

separate–document requirement. In *Stephanie–Cardona*, the Ninth Circuit addressed a situation in which the district court issued judgment on a separate document more than 150 days after it docketed a stipulation and order disposing of all claims. *Id.* at 704. The Ninth Circuit dismissed the appeal as untimely because it was filed more than 30 days after the end of the 150–day period, but did not hold that the entry of judgment in a separate document, outside that 150–day period, was itself improper. *Id.* at 704–05.

Under a plain reading of Rule 58(c), supported by the Ninth Circuit's interpretation in *Stephanie–Cardona*, the 150–day rule serves to limit Bolmer's time for appeal, but does not extinguish his entitlement to a separate document setting out judgment under Rule 58(a). The 150–day rule was not overlooked and does not alter the Court's prior conclusion in the March 21 Ruling that the Clerk should enter a separate judgment in favor of the Defendants.

III. Conclusion

For the reasons stated above, the Danbury Defendants' Motion [Doc. # 256] for Reconsideration is DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 10th day of May, 2011.